**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 26-50243 |
| | Chapter 13 |
| Michael James Bock and Cindy Rae Bock, | |
| Debtors. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Kyle L. Carlson, Chapter 13 Trustee, objects to confirmation of the Chapter 13 plan filed by the debtors and requests that the plan be denied.

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This objection is brought pursuant to 11 U.S.C. §§ 1322 and 1325.

2.      The plan does not include a provision that tax refunds the debtors will receive during the plan will be turned over to the Trustee as an additional plan payment.  The Trustee contends that tax refunds received during the plan are additional disposable income beyond the scheduled payments to the Trustee and should be turned over to the Trustee as an additional plan payment.  *See* 11 U.S.C. § 1325(b)(1)(B); *In re Midkiff,* 342 F.3d 1194, 1202 n.4 (10th Cir. 2003) (the plain meaning of "projected disposable income" includes tax refunds which constitute income at the disposal of the taxpayer.).

WHEREFORE, the Trustee requests that the Court deny confirmation of the plan.

Dated:    April 30, 2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-331-4429

**VERIFICATION**

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:    April 30, 2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 26-50243 |
| | Chapter 13 |
| Michael James Bock and Cindy Rae Bock, | |
| Debtors. | |

**MEMORANDUM OF LAW**

### I.    Facts

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtors at the 341 meeting of creditors and in the debtors' filed schedules.

### II.    Burden

A debtor bears the ultimate burden of proving that a Chapter 13 plan should be confirmed.  When a debtor fails to carry that ultimate burden, confirmation must be denied.  *See In re Melander*, 506 B.R. 855, 859 (Bankr. D. Minn. 2014); *see also In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005) ("Debtor has the burden of proving that the conditions for confirmation have been satisfied.").

### III.    Disposable Income

Section 1325(b)(1)(B) provides that:

If the Trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the Court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

On its face, Section 1325(b)(1) requires a debtor to comply with either subsection (A) (requiring a debtor to pay "the amount of the claim") or, in the alternative, subsection (B) (requiring that "all of the debtor's projected disposable income" be dedicated to a plan) before the Court can confirm the plan. "As written, Section 1325(b)(1) requires compliance with either subsection (A) or (B), but not both." *In re Bailey*, no 13-60782, (Bankr. E.D. Ky., November 21, 2013) (*quoting In re Jones*, 374 B.R. 469, 469 (Bankr. D.N.H. 2007)); *In re Winn*, 469 B.R. 628, 630 (Bankr. W.D.N.C. 2012) ("Only one of the prongs [of § 1325 (b)] need be met, not both."); *Hamilton v. Lanning*, 560 U.S. 505, 508–09, 130 S.Ct. 2464, 177 L.Ed.2d 23 (2010) ("If an unsecured creditor or the bankruptcy Trustee objects to confirmation, § 1325(b)(1) requires the

2

debtor either to pay unsecured creditors in full or to pay all 'projected disposable income' to be received by the debtor over the duration of the plan.").

The proposed plan in this case does not provide for payment in full of unsecured claims, so the debtors are required to submit their disposable income to the plan. As noted in the Trustee's motion, the debtors have not met their burden of demonstrating that the plan satisfies the disposable income test.

**IV.     Conclusion**

Based on the foregoing, the Trustee requests that the Court deny confirmation of the plan.

Dated:    April 30, 2026                                    s/ Kyle L. Carlson
                                                           Kyle L. Carlson, Trustee

**VERIFICATION**

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:    April 30, 2026                                    s/ Kyle L. Carlson
                                                           Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                                     BKY 26-50243
                                                                                                Chapter 13

Michael James Bock and Cindy Rae Bock,

          Debtors.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Trustee's Objection to Confirmation of Chapter 13 Plan upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Michael James Bock and Cindy Rae Bock
1336 King Rd
Ogilvie, MN 56358

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: April 30, 2026

s/ Jamie Swenson
Jamie Swenson
Chapter 13 Office

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                          BKY 26-50243
                                                                                Chapter 13

Michael James Bock and Cindy Rae Bock,

      Debtors.

**ORDER**

This case is before the Court for confirmation hearing on the Chapter 13 plan of Michael James
Bock and Cindy Rae Bock.

     IT IS ORDERED:

     Confirmation of the debtors' Chapter 13 plan is DENIED.

Dated:

_____
William J. Fisher
United States Bankruptcy Judge